UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ABRAHAM GONZALEZ,
    Plaintiff,

vs.                                                                                C.A. No.

RUDRAH DARSHAN LLC, KRISHNA D CONSTRUCTION, LLC, and DARSHAN GANDHI,
    Defendants

## COMPLAINT

### I. Introductory Statement

This is an action brought by the Plaintiff against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*

### II. Parties

1. The Plaintiff, Abraham Gonzalez, is a resident of the Town of Henryville, County of Monroe, Commonwealth of Pennsylvania, and was an employee, within the meaning of the FLSA and the RIMWA, employed by Defendants Rudrah Darshan LLC ("Rudrah"), Krishna D Construction, LLC ("Krishna"), and Darshan Gandhi ("Gandhi")

2. Defendant Rudrah is a corporation duly organized pursuant to the laws of the State of Rhode Island, with its principal place of business located in the Town of North Attleboro, County of Bristol, Commonwealth of Massachusetts.

3. Defendant Krishna is a corporation duly organized pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business located in the town of North Attleboro, County of Bristol, Commonwealth of Massachusetts.

4. At all relevant times, Defendant Darshan Gandhi ("Gandhi") owned, operated, managed, and/or controlled Defendants Rudrah and Krishna and was employed by Defendants Rudrah and Krishna as a manager or supervisor and directly and indirectly acted in the interests of Defendants Rudrah and Krishna relative to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

5. At all relevant times, the Defendants were engaged in the stream of interstate commerce, and were the Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein*.

6. The Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through a unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

7. Defendants Rudrah and/or Krisha, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

### III. Jurisdiction

8. This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216, and supplemental jurisdiction over the Plaintiff's claims under the RIMWA pursuant to 28 U.S.C. §1367.

### IV. Venue

9. Venue is proper in this Court insofar as the Defendants are residents of or are doing business in the State of Rhode Island and, therefore, are deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

10. On or about June 28, 2018, the Plaintiff was hired by the Defendants as a Project Superintendent.

11. During all relevant times, the Plaintiff was assigned by the Defendants to a project relative to the construction of a Homes 2 Suites by Hilton located in Smithfield, Rhode Island.

12. The Plaintiff was paid an hourly rate of $49.20.

13. From the date of the Plaintiff's hire until his separation in May, 2019, the Defendants required the Plaintiff to work in excess of forty (40) hours in various workweeks without overtime pay.

14. The overtime hours included working late weekday hours and performing work on weekends.

15. Instead of compensating the Plaintiff for his overtime hours worked in each particular work week, the Defendants "banked" the hours, which would then be purportedly paid at a different time.

16. By "banking" the Plaintiff's overtime hours, the Defendants violated the FLSA and the RIMWA.

17. The Defendants failed and/or refused to compensate the Plaintiff for overtime hours worked throughout his employment.

18. While working at the Defendants, the Plaintiff submitted weekly time sheets to the Defendants, via e-mail. At no time during his employment did the Defendants indicate to the Plaintiff that his submitted timesheets were improper or needed to be corrected.

19. The FLSA and the RIMWA require an employer to pay its employees a minimum wage for each hour worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

20. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

21. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

22. The Plaintiff's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. §541.100(a)

23. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [he] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

24. Nor did the Plaintiff's primary job duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

25. Despite the fact that the Plaintiff was a non-exempt employee, the Defendants failed to pay the Plaintiff overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

26. In May, 2019, the Plaintiff left his employment position at Defendants.

27. The Defendants have willfully, recklessly, and repeatedly violated the provisions of the FLSA and the RIMWA by employing the Plaintiff for workweeks longer than forty hours (40) without compensating him for his employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times his regular rate at which he was employed.

28. As a proximate result of Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, costs incurred due to legal expenses, and other harm.

## VI.   Claims for Relief

29. The Plaintiff incorporates the allegations contained in ¶¶1 through 28 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §207

30. The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one (1) workweek,

thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of the RIMWA, R.I.G.L. §28-12-1, *et seq.*

31.  The Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for all hours worked and overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### VII.   Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. a declaratory judgment declaring that the Defendants willfully violated the FLSA and the RIMWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendants violated the FLSA and the RIMWA in the manner complained of herein;

3. an award of compensatory damages, plus pre-judgment interest thereon;

4. an award of liquidated damages pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2;

5. an award of reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2;

6. an award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2; and,

7. an award of such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire and Nicole J. Policastro, Esq. as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & CO., P.C.

Date: December 11, 2019

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Nicole J. Policastro
Formisano & Company, P.C.
100 Midway Place, Suite 1
Cranston, RI  02920
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 11th day of December, 2019 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee